1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DEBORAH CURTIS, an individual,**    ) | **1: 09 - CV - 1608 AWI SMS** |
|                        ) | |
|        **Plaintiff**,        ) | **ORDER GRANTING MOTION** |
|                        ) | **FOR LEAVE TO FILE AN** |
|        v.               ) | **AMENDED COMPLAINT** |
|                        ) | |
|                        ) | **ORDER VACATING** |
| **OPTION ONE MORTGAGE, CORP.,**    ) | **HEARING DATES** |
| **et al.,**                      ) | |
|                        ) | [Document #14] |
|        **Defendants**.      ) | |

**BACKGROUND**

On July 31, 2009, Plaintiff filed a complaint in the Tulare County Superior Court.   After being served with the complaint, on September 4, 2009, Defendants removed this action to this court.

On September 14, 2009, Defendant American Home Mortgage Servicing Inc. filed a motion to dismiss.   Defendant American Home Mortgage Servicing Inc. noticed its motion to be heard on October 26, 2009.   On September 25, 2009, Defendant Option One Mortgage Corporation filed a motion to dismiss.   Defendant Option One Mortgage Corporation also noticed its motion to be heard on October 26, 2009.

On October 6, 2009, Plaintiff filed a motion for leave to file an amended complaint. Plaintiff noticed her motion to be heard on November 9, 2009.

**LEGAL STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend only by leave of court. . . ."   A motion to dismiss for failure to state claim is not a "responsive pleading" that terminates a plaintiff's right to amend the complaint. Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000); Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); Breier v. Northern California Bowling Proprietors' Ass'n, 316 F.2d 787, 789 (9th Cir.1963).

**DISCUSSION**

Plaintiff has filed an unnecessary motion for leave to file an amended complaint. Because Defendants did not file a responsive pleading, but only motions to dismiss, Plaintiff does not need leave of court to file her amended complaint. See Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995); Doe, 58 F.3d at 497.   When a plaintiff who has a right to amend nevertheless petitions the court for leave to amend, the plaintiff's right to amend is not lost and the court is obliged to grant such "unnecessary request[s]." Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988); Stewart v. RCA Corp., 790 F.2d 624, 631 (7th Cir. 1986); Zaidi v. Ehrlich, 732 F.2d 1218, 1220 (5th Cir. 1984).  Thus, the court will grant Plaintiff's motion for leave to amend the complaint, and Plaintiff can file her amended complaint forthwith.

Once Plaintiff files the amended complaint, Defendants' motions to dismiss will become moot.  An amended complaint supercedes the original complaint in its entirety. See London v. Coopers & Lybrand, 644 F.2d 811 (9th Cir.1981); Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, Defendants' motions addressing the original complaint will become moot once Plaintiff files the amended complaint.[1]

---

[1]  Because Plaintiff may exercise her right to file an amended complaint, the court has not reviewed the proposed amended complaint to determine if it states a claim.

**ORDER**

Accordingly, the court ORDERS that:

1.      Plaintiff's motion for leave to amend the complaint is GRANTED;

2.      Upon filing the amended complaint, Defendants' pending motions to dismiss will

be denied as moot; and

3.      The currently scheduled hearing dates of October 26, 2009 and November 9, 2009

are VACATED.


IT IS SO ORDERED.

**Dated:    October 14, 2009**                        **/s/ Anthony W. Ishii**
                                     CHIEF UNITED STATES DISTRICT JUDGE

3