# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DEBORAH CURTIS, an individual**, <br> Plaintiff, <br> v. <br> **OPTION ONE MORTGAGE CORP.**, a suspended California corporation, **AMERICAN HOME MORTGAGE SERVICING, INC.**, a Delaware corporation, and DOES 1 though 50 inclusive, <br> Defendants. | 1:09-cv-1608 AWI SMS <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** <br><br> **(Documents #23 & #27)** |

## BACKGROUND

On July 31, 2009, Plaintiff filed a complaint in the Superior Court of the State of California, County of Tulare. On September 4, 2009, Defendants removed the complaint to the Eastern District of California, Fresno Division because this court has federal question jurisdiction over the complaint pursuant to 28 U.S.C. § 1331.

On November 19, 2009, Plaintiff filed an amended complaint ("complaint"). The complaint contains three causes of action: (1) A violation of the Truth in Lending Act ("TILA"), in which Plaintiff seeks rescission and damages; (2) A violation of California Civil Code § 2923.5; and (3) An Injunction to enjoin Defendants from commencing with a trustee's sale on Plaintiff's property.

On November 24, 2009, Defendant Sand Canyon Corporation, sued as Option One Mortgage Corporation, filed a motion to dismiss the complaint. On December 7, 2009, American Home Mortgage Servicing Inc. filed a motion to dismiss. On December 21, 2009, Plaintiff filed an opposition to Defendants' motions.

**LEGAL STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a complaint under Rule 12(b)(6), all of the complaint's material allegations of fact are taken as true, and the facts are construed in the light most favorable to the non-moving party. Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999). The court must also assume that general allegations embrace the necessary, specific facts to support the claim. Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004). However, the court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Although legal conclusions may provide the framework of a complaint, they are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**JUDICIAL NOTICE**

In deciding whether to dismiss a claim under Rule 12(b)(6), the court is generally limited to reviewing only the complaint, but the court may review materials which are properly submitted as part of the complaint and may take judicial notice of public records outside the pleadings. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). Further, under the "incorporation by reference" doctrine, courts may review documents

3

"whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lapidus v. Hecht, 232 F.3d 679, 682 (9th Cir. 2000). The "incorporation by reference" doctrine also applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." Knievel, 393 F.3d at 1076 (citing Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998)).

Defendants request that the court take judicial notice of the deed of trust concerning the property at issue in this action and other records concerning the deed of trust and the property's title. "In deciding whether to dismiss a claim under Fed.R.Civ.P. 12(b)(6), a court may look beyond plaintiff's complaint to matters of public record." Shaw v. Hahn, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995). Thus, the court will take judicial notice of the documents provided by Defendants.

**ALLEGED FACTS**

This action concerns property located at 3522 E. Stewart Court, Visalia, in the County of Tulare, State of California.

The complaint alleges that on or about November 2006, Plaintiff approached Defendants in regards to refinancing the property at 3522 E. Stewart Court, Visalia. Defendants represented they could provide a fixed rate loan with low monthly payments based upon Plaintiff's income. Plaintiff agreed to refinance the property at 3522 E. Stewart Court, Visalia.

The complaint alleges that during the loan process, Defendant deceptively and fraudulently understated the Annual Percentage Rate (APR) by 3.185%, the finance charge and total payments by $279,617.69 and the payments schedule listed three payment changes instead of six payment changes. The complaint alleges that Plaintiff's income was falsified and the property value grossly overstated. The complaint alleges that on or about November 30, 2006, unaware of Defendants' deceptive and fraudulent actions, Plaintiff executed the loan.

1         The complaint alleges that on or about October 2008, in attempting to modify her loan, Plaintiff discovered that Defendants had under disclosed Plaintiff's APR and financed an amount in a blatant violation of the Federal Truth in Lending Act (TILA).

        The complaint alleges that Plaintiff brought this discrepancy to Defendants' attention in an attempt to modify the loan instead of having to institute her right to rescission. The complaint alleges Defendants refused to modify the loan with more favorable terms. The complaint alleges Defendants have failed to provide Plaintiff with a good faith valuation regarding Plaintiff's options or offer a loan modification or workout plan in order to assist Plaintiff with avoiding foreclose.

        The complaint alleges that Plaintiff is fully able and willing to tender performance of her obligations by tendering the reasonable value of the property by procuring a loan from another banking establishment for the reasonable value of the property at the time of rescission.

**DISCUSSION**

**I. VIOLATION OF 15 U.S.C. § 1601 – TILA**

        Plaintiff contends that Defendants violated TILA by understating Plaintiff's APR and by understating Plaintiff's finance charges on the loan. Plaintiff contends that she now exercises her right to rescission pursuant to 15 U.S.C.§ 1635(b) due to Defendants' breach. Plaintiff also contends that she has been damaged by Defendants' wrongful actions and seeks costs and reasonable attorney's fees.

        "The purpose of the TILA is to ensure that users of consumer credit are informed as to the terms on which credit is offered them." Jones v. E*Trade Mortg. Corp., 397 F.3d 810, 812 (9th Cir. 2005); see also 15 U.S.C. § 1601. "TILA was enacted in 1968 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." Yamamoto v. Bank of New York, 329 F.3d 1167, 1170 (9th Cir. 2003). The TILA requires creditors to "clearly and conspicuously disclose" borrowers' rights to rescind a home mortgage loan in accordance with

regulations of the Federal Reserve Board. Jones, 397 F.3d at 812.

TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). The failure to satisfy TILA's requirements subjects a lender to "statutory and actual damages [that are] traceable to a lender's failure to make the requisite disclosures." Id. (citing 15 U.S.C. §1640).

**A. Rescission - Ability to Tender**

Plaintiff alleges that she is entitled to rescission of her loan because Defendants failed to provide accurate material disclosures. Defendants contend this claim must be dismissed because Plaintiff has failed to allege her ability to tender the amount of the loan.

The purpose of rescission under TILA is to return both parties to the status quo. Yamamoto, 329 F.3d at 1172. Title 15 U.S.C. § 1635(b) provides that:

> When an obligor exercises his right to rescind . . . .under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. ***Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor.*** If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

15 U.S.C. 15 U.S.C. § 1635(b) (emphasis added).

Defendants contend that before ordering rescission, the court must require Plaintiff to prove her ability to repay the loan proceeds. Yamamoto, 329 F.3d 1167 at 1171. In Yamamoto, the Ninth Circuit held that "in applying TILA, 'a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender.'"

Yamamoto, 329 F.3d at 1171. The Ninth Circuit reasoned as follows:

> As rescission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted, may not do so before deciding that rescission is warranted when it finds that, assuming grounds for rescission exist, rescission still could not be enforced because the borrower cannot comply with the borrower's rescission obligations no matter what. Such a decision lies within the court's equitable discretion, taking into consideration all the circumstances including the nature of the violations and the borrower's ability to repay the proceeds. If, as was the case here, it is clear from the evidence that the borrower lacks capacity to pay back what she has received (less interest, finance charges, etc.), the court does not lack discretion to do before trial what it could do after.

Yamamoto, 329 F.3d at 1173. While the court has discretion to condition rescission on tender, the court is not persuaded that at the pleading stage that Plaintiffs must prove her ability to tender the unpaid loan proceeds. In Yamamoto, the defendant mortgagee moved for summary judgment based on plaintiffs' deposition testimony that "they could not fulfill TILA's tender requirement." Id. at 1168. The district court then provided plaintiffs an additional 60 days to make a showing that they were in a position to tender the proceeds upon rescission. When the plaintiffs were unable to make the requisite evidentiary showing, the court granted summary judgment in favor of the mortgagee even though the court concluded that there were genuine issues of material fact as to whether plaintiffs received the proper TILA disclosures. Id. at 1173.

      Here, on the present motion to dismiss, the court declines to require Plaintiff to make an evidentiary showing that she is able tender the proceeds of the loan. Plaintiff, however, cannot state a claim for rescission under TILA without at least *alleging* that she is financially capable of tendering the loan proceeds. See, e.g., Gonzalez v. First Franklin Loan Services, 2010 WL 144862, *5 (E.D.Cal. 2010) (dismissing without leave to amend plaintiff's claim for rescission under TILA because Plaintiff conceded she did not have ability to tender); Avina v. BNC Mortg., 2009 WL 5215751, *2 (N.D.Cal. 2009) (claim for rescission under TILA is subject to dismissal at the pleading stage if the borrower fails to allege a present ability to tender the loan proceeds); Farmer v. Countrywide Financial Corp., 2009 WL 1530973, at *5 (C.D. Cal. 2009) (granting defendant's motion to dismiss because plaintiffs did not allege that they had tendered or were

financially capable of tendering the loan's principal balance); Pagtalunan v. Reunion Mortgage Inc., 2009 WL 961995, at *3 (N.D. Cal. 2009) (dismissing TILA claim because plaintiffs did not allege that they would be willing to repay what they borrowed); Garza v. American Home Mortg., 2009 WL 188604, at *5 (E.D. Cal. 2009) (granting defendant's motion to dismiss TILA rescission claim in light of complaint's failure to allege ability to tender, since "[r]escission is an empty remedy without [plaintiff]'s ability to pay back what she has received."). Thus, Plaintiff must be able to allege that she has tendered or is financially capable of tendering the principle of the loan minus the appropriate interest and fees or the rescission claim fails.

The complaint fails to sufficiently allege that Plaintiff is able to fulfill her obligations under 15 U.S.C. § 1635(b) and 12 C.F.R. § 226.23(d). The complaint alleges that "Plaintiff is fully able to tender performance of her obligations by tendering the reasonable value of the property as required under 15 U.S.C. § 1635(b), by procuring a loan from another banking establishment for the reasonable value of the property at the time of rescission." In her opposition brief, Plaintiff repeats this statement and claims that she is capable and willing to tender the reasonable value of the subject property by procuring a loan from another banking institute. Defendants contend that Plaintiff's offer of tender is insufficient in that it is conditionally premised on securing refinancing and also does not offer the entire amount but only the "value of the subject property."

The court finds Plaintiff's allegation insufficient to have alleged tender in this case. Plaintiff specifically admits that her ability to tender will require procuring another loan. In addition, Plaintiff will be required to tender the entire amount owed, without a discount for the present value of the property. A complete tender has not been offered by Plaintiff. Without such tender, Plaintiff may not seek to rescind the loan. Rescission is an empty remedy without Plaintiff's ability to pay back what she has received. As such, the complaint lacks a necessary element of Plaintiff's TILA rescission claim. The court dismisses the TILA rescission claim with leave to amend to allege, subject to Rule 11(b) of the Federal Rules of Civil Procedure's

requirements, that Plaintiff has the ability to tender and pay back what she has received.

**B. Relief under TILA- Statutory Damages**

Plaintiff requests statutory damages for Defendants' alleged failure to comply with all necessary TILA disclosures provisions. Defendants contend that Plaintiff's request for damages arising out of the original loan transaction is time-barred by 15 U.S.C. §1640(e) because Plaintiff did not file this action within one year. Plaintiff contends that she is entitled to equitable tolling.

### *1. Statute of Limitations*

There is a one-year statute of limitations period in which to file an action for damages under TILA. See 15 U.S.C. § 1640(e); Beach, 523 U.S. at 412. The one-year limitations period of 15 U.S.C. § 1640(e) runs from the date of consummation of the transaction. "Consummation" is defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); Grimes v. New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003).

Plaintiff did not file this TILA action within one-year of the loan's closing. The loan was executed on November 30, 2006. This action was not filed until July 31, 2009. Thus, Plaintiff filed this action nearly two years beyond the one-year limitations period. Dismissal is appropriate. See 15 U.S.C. § 1640(e); Beach, 523 U.S. at 412; King, 784 F.2d at 915.

### *2. Equitable Tolling*

Plaintiff contends that she is entitled to equitable tolling of Section 1640(e)'s statute of limitations.

The doctrine of equitable tolling provides that "where a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part, the bar of the statute does not begin to run until the fraud is discovered. . . ." Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946). "This equitable doctrine is read into every federal statute of limitation." Id. The Ninth Circuit has held that "the doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable

opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." <u>King v. State of California</u>, 784 F.2d 910, 915 (9th Cir. 1986). In determining justifiable application of the equitable tolling doctrine, the court "focuses on excusable delay by the plaintiff." <u>Johnson v. Henderson</u>, 314 F.3d 409, 414 (9th Cir. 2002). Excusable delay by the plaintiff is defined as whether a reasonable plaintiff would not have known of the existence for a possible claim within the limitations period. <u>Lukovsky v. City & County of San Francisco</u>, 535 F.3d 1044, 1051 (9th Cir.2008). To establish excusable delay, the plaintiff must show "fraudulent conduct by the defendant resulting in concealment of the operative facts, failure of the plaintiff to discover the operative facts that are the basis of its cause of action within the limitations period, and due diligence by the plaintiff until discovery of those facts." <u>Federal Election Com'n v. Williams</u>, 104 F.3d 237, 240-41 (9th Cir.1996).

When equitable tolling is at issue, its applicability generally "depends on matters outside the pleadings, so it is rarely appropriate to grant a 12(b)(6) motion to dismiss." <u>Huynh v. Chase Manhattan Bank</u>, 465 F.3d 992, 1003-04 (9th Cir. 2006). Nevertheless, when a plaintiff has not alleged any facts demonstrating that she could not have discovered the alleged violations by exercising due diligence, dismissal may be appropriate. See <u>Meyer v. Ameriquest Mortg. Co.</u>, 342 F.3d 899, 902-03 (9th Cir. 2003) (TILA claim and equitable tolling of the claim dismissed because plaintiff was in full possession of all loan documents and did not allege any concealment of loan documents or other action that would have prevented discovery of the alleged TILA violations); <u>Hubbard v. Fidelity Federal Bank</u>, 91 F.3d 75, 79 (9th Cir.1996) (all TILA claims prior to August 22, 1990 were dismissed because no evidence suggested that defendant banks attempted to conceal alleged breach of contract prior to August 22, 1991).

The complaint alleges that Plaintiff did not discover Defendants' violations until she sought to obtain a loan modification on or about October 2008. The complaint does not allege that Plaintiff was not in full possession of all the loan documents, and Plaintiff does not provide any facts suggesting she could not have discovered alleged TILA violations through due diligence

and reasonable examinations of the loan documents. In her opposition brief, Plaintiff offers the following explanation for why she is entitled to equitable tolling until the time she attempted to obtain a loan modification in October of 2008.

> . . . . Plaintiff was unable to discover the TILA violations any earlier since she in not an expert regarding loans and loan terms. Nothing in the loan documents indicated Plaintiff should investigate the annual percentage rate or her finance charge. At the close of the loan, Plaintiff believed her loan terms in compliance with the law, and nothing indicated otherwise. It was not until a loan expert began reviewing her loan that the TILA violations were discovered. In fact, Plaintiff would have never discovered the TILA violation were it not for attempting to obtain a loan modification. Therefore, Plaintiff had no reason to suspect a TILA violation at the time the loan consummated, thus discovery of the violation could not have been made at that time. Plaintiff was not even aware of TILA nor its requirments. As such, it is clear reasonable discovery could not have occurred at the consummation of the loan since Plaintiff was not a loan expert and was not aware of TILA nor it [siq.] requirement, thus was capable of inspecting her loan in order to ensure TILA had been complied with.

Plaintiff's Opposition at 5.

Plaintiff's position is that the statute should be equitably tolled until a loan expert looked at her documents. The court finds this explanation is not an excusable delay sufficient to invoke this court's application of equitable tolling. Entertaining such justification would open the floodgates, allowing endless TILA suits to be filed under the guise that one did not know what he or she had signed until some expert discovered the errors. Bezverkhov v. Cal-Western Reconveyance Corp., 2009 WL 4895581, *3 (E.D.Cal. 2009). The court declines to institute a rule in which having an expert review a loan, seeking a loan modification, or obtaining an attorney becomes the touchstone upon which tolling of the statute of limitations may be granted. See id. The only explanation that Plaintiff provides to invoke equitable tolling is that Plaintiff did not know about the TILA and did not discover the violations until the loan was reviewed by a loan expert. Plaintiff has not made any arguments concerning her own responsibilities to seek out the necessary disclosures. Accordingly, Plaintiff's request for damages under TILA is subject to dismissal because Plaintiff has failed to provide a basis for equitable tolling.

The court recognizes that absent unusual circumstances, dismissal without leave to amend

11

is improper unless it is clear that the complaint could not be saved by amendment. Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996). Leave to amend need not be granted if the district court determines that the pleading could not possibly be cured by the allegation of other facts. Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001). Here, Plaintiff's opposition makes clear that the entire basis of her equitable tolling argument is that she is not an expert regarding loans, loan terms, and the TILA and the statute should be tolled until an expert reviewed the loan documents. As this argument does not entitle Plaintiff to equitable tolling, it would be futile to allow Plaintiff to amend the complaint to provide further details on her equitable tolling argument. Thus, Plaintiff's claim for damages under TILA is dismissed without leave to amend.

## II. VIOLATION OF CALIFORNIA CIVIL CODE § 2923

In the second cause of action, Plaintiff contends that Defendants have violated California Civil Code § 2923 because Defendants have failed to provide Plaintiff with a good faith valuation regarding Plaintiff's options or offer a loan modification or workout plan in order to assist Plaintiff with avoiding foreclosure.

**A. Tender**

Defendants contend that Plaintiff's action under Section 2923 is invalid because Plaintiff has not offered to tender the property or money owed on the loan.

Under California law, "[a] valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust." Karlsen v. American Sav. & Loan Assn., 15 Cal.App.3d 112, 117 (1971). Those courts that have examined the issue have found tender is required for claims under Section 2923. See e.g. Keen v. American Home Mortg. Servicing, Inc., 2009 WL 3380454 at 10* (E.D.Cal. 2009) (noting that overwhelming majority of California district courts require tender when examining wrongful foreclosure claims); Anaya v. Advisors Lending Group, 2009 WL 2424037 at *10 (E.D.Cal. 2009) ("An action to set aside a foreclosure sale, unaccompanied by an offer to redeem, does not state a cause of action which a court of equity recognizes."); Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177,

1183-84 (N.D.Cal. 2009) ("Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a 'valid and viable tender [offer] of payment of the indebtedness.'") (quoting Karlsen, 15 Cal.App.3d at 117).

For the reasons discussed above, the court finds that Plaintiff has failed to allege a valid tender of the indebtedness for which the subject property was security. Plaintiff's claim pursuant to Section 2923 is subject to dismissal with leave to amend for Plaintiff to allege the ability to tender.

**B. Section 2923.5**

Plaintiff alleges that Defendants violated California Civil Code § 2923.5 by failing to explore loan modifications or other options prior to attempting to foreclose. Section 2923.5 concerns what efforts must be taken prior to the filing of a notice of default. Section 2923.5 provides, in pertinent part:

> (a)(1) A mortgagee, trustee, beneficiary, or authorized agent may not file a notice of default pursuant to Section 2924 until 30 days after initial contact is made as required by paragraph (2) or 30 days after satisfying the due diligence requirements as described in subdivision (g).
> (2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically.
> (b) A notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h).
> . . . .
> (g) A notice of default may be filed pursuant to Section 2924 when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent. For purposes of this section, "due diligence" shall require and mean all of the following:
> (1) A mortgagee, beneficiary, or authorized agent shall first attempt to contact a

borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.
(2)(A) After the letter has been sent, the mortgagee, beneficiary, or authorized agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days. Telephone calls shall be made to the primary telephone number on file.
(B) A mortgagee, beneficiary, or authorized agent may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgagee, beneficiary, or authorized agent.
(C) A mortgagee, beneficiary, or authorized agent satisfies the telephone contact requirements of this paragraph if it determines, after attempting contact pursuant to this paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.
(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or authorized agent shall then send a certified letter, with return receipt requested.
(4) The mortgagee, beneficiary, or authorized agent shall provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number that will provide access to a live representative during business hours.
(5) The mortgagee, beneficiary, or authorized agent has posted a prominent link on the homepage of its Internet Web site, if any, to the following information:
(A) Options that may be available to borrowers who are unable to afford their mortgage payments and who wish to avoid foreclosure, and instructions to borrowers advising them on steps to take to explore those options.
(B) A list of financial documents borrowers should collect and be prepared to present to the mortgagee, beneficiary, or authorized agent when discussing options for avoiding foreclosure.
(C) A toll-free telephone number for borrowers who wish to discuss options for avoiding foreclosure with their mortgagee, beneficiary, or authorized agent.
(D) The toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

It is possilbe that California Civil Code Section 2923.5 may provide borrowers with a private cause of action. See Molina v. Washington Mut. Bank, 2010 WL 431439 at *10 n.4 (S.D.Cal. 2010); Sharma v. Provident Funding Associates, LP, 2010 WL 143473 at *2 (N.D.Cal. 2010).

      In the present case, Plaintiff has failed to allege facts sufficient to state a cause of action for a violation of Section 2923.5. Section 2923.5 requires the mortgagee, beneficiary, or authorized agent to contact the borrower in person or by telephone "in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ.Code § 2923.5(a)(2). In addition, the statute requires the Notice of Default to "include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the

borrower, tried with due diligence to contact the borrower as required by this section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent." Id. Cal.Civ.Code § 2923.5(b). The statute only requires Defendants to have contacted or attempted to contact Plaintiff in a good faith effort to avoid foreclosure. Plaintiff does not allege in the complaint that Defendants failed to contact her or attempt to contact her before filing the Notice of Default. Such contact is all that is required by Section 2923.5.

A copy of the Notice of Default submitted by Defendants provides that attempts to contact Plaintiff were made as required by Section 2923.5. See American Home Mortgage Servicing, Inc. Exhibit 2. The court has been given no reason to question the accuracy of the statement in the Notice of Default. In light of the statement in the Notice of Default and Plaintiff's lack of allegations to the contrary, Plaintiff cannot state a cause of action for violation of Section 2923.5. The complaint fails allege sufficient facts to support the legal conclusion that Defendants violated Section 2923.5. Thus, Plaintiff's claim under Section 2923.5 is dismissed with leave to amend.

**C. Section 2923.6**

The second cause of action also alleges that Defendants' failure to provide Plaintiff with a good faith valuation regarding Plaintiff's options or offer a loan modification or workout plan in order to assist Plaintiff violated California Civil Code § Section 2923.6. Defendants contend that Section 2923.6 does not provide Plaintiff with a private cause of action. Section 2923.6 provides in relevant part:

> (a) The Legislature finds and declares that any duty servicers may have to maximize net present value under the pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:
> (1) The loan is in payment default, or payment default is reasonably foreseeable.
> (2) Anticipated recovery under the loan modification or workout plan exceeds the anticipated recovery through foreclosure on a net present value basis.
> (b) It is the intent of the Legislature that the mortgagee, beneficiary, or authorized agent offer the borrower a loan modification or workout plan if such a modification is consistent with its contractual or other authority.

Under California law, the adoption of a regulatory statute does not automatically create a

private right to sue for damages resulting from violations of the statute. Moradi-Shalal v. Fireman's Fund Ins. Companies, 46 Cal.3d 287, 294-95 (1988). "A statute creates a private right of action only if the enacting body so intended." Grodensky v. Artichoke Joe's Casino, 171 Cal.App.4th 1399, 1420 (2009). If the Legislature intends to create a private cause of action it will do so directly, in clear, understandable, unmistakable terms. Moradi-Shalal, 46 Cal.3d at 294-95 Plaintiff has not proffered any authority, and the court has found none, conclusively holding that Section 2923.6 creates a private right of action for borrowers such as Plaintiff.

The courts to examine this issue have found that from its plan language, Section 2923.6 does not grant any right to a loan modification. Kuoha v. Equifirst Corp., 2009 WL 3248105 at *5 (S.D.Cal. 2009); Lopez v. Equifirst Corp., N 2009 WL 3233912 at *3 (E.D.Cal. 2009); Tapia v. Aurora Loan Servs., 2009 WL 2705853 at *2 (E.D.Cal. 2009); Anaya v. Advisors Lending Group, 2009 WL 2424037 at * 8 (E.D.Cal. 2009); Farner v. Countrywide Home Loans, 2009 WL 189025 at *2 (S.D.Cal. 2009). In addition, as numerous other district courts have recognized, there is nothing in the language of Section 2923.6 suggesting that it creates a private right of action for purported violations of its provisions. See, e.g., Owens v. Wells Fargo Bank, N.A. 2010 WL 424473 at *2 (N.D.Cal. 2010); Collins v. Power Default Services, Inc., 2010 WL 234902 at *2 (N.D.Cal. 2010); Glover v. Fremont Inv. and Loan, 2009 WL 5114001 at *7 (N.D. Cal. 2009); Reynoso v. Chase Home Finance, 2009 WL 5069140 at *4 -5 (N.D.Cal. 2009); Fimbres v. Chapel Mortg. Corp., 2009 WL 4163332, *14 (S.D. Cal. 2009); Gaitan v. Mortgage Elec. Registration Sys., 2009 WL 3244729 at *7 (C.D.Cal. 2009); Lopez, 2009 WL 3233912 at *3; Tapia, 2009 WL 2705853 at *2 (E.D.Cal. 2009); Anaya, 2009 WL 2424037 at *8; Farner, 2009 WL 189025 at *2 (S.D.Cal. 2009); Paek v. Plaza Home Mortg., Inc., 2009 WL 1668576 at *3 (C.D.Cal. 2009); Alford v. Wachovia Bank/World Savings Bank,L 2009 WL 1615989 at *8 (S.D.Cal. 2009). Because Section 2923.6 neither requires Defendants to offer or accept a modification to Plaintiff's loan nor authorizes a right of action for borrowers who are not given loan modifications, Plaintiff's claim against Defendants under Section 2923.6 fails as a matter of

law. Thus, this claim must be dismissed without leave to amend.

### III. INJUNCTION

Plaintiff's third cause of action seeks to enjoin the trustee's sale of the subject property. Defendants seek to dismiss the third cause of action as an improper cause of action.

Under Federal law, an injunction is a remedy to another claim or cause of action and not a claim or cause of action in and of itself. Lima v. American Home Mortg. Servicing, Inc., 2010 WL 144810 at *2 (N.D.Cal. 2010); see also Washington Toxics Coalition v. Environmental Protection Agency, 413 F.3d 1024, 1034 (9th Cir. 2005) (holding injunction is remedy for violation of the Endangered Species Act); Catholic Social Services, Inc. v. I.N.S., 182 F.3d 1053, 1062 (9th Cir. 1999) (stating injunction is remedy for claims against INS). Similarly, under California law, a claim or cause of action for an injunction is improper because an injunction is a remedy, not a cause of action. Shamsian v. Atlantic Richfield Co., 107 Cal.App.4th 967, 985 (2003); Roberts v. Los Angeles County Bar Ass'n, 105 Cal.App.4th 604, 618 (2003). Because an injunction is merely a remedy and is not a cause of action, a cause of action must exist before injunctive relief may be granted. Tapia v. Aurora Loan Services, LLC, 2009 WL 2705853 at *3 (E.D.Cal. 2009). Thus, Plaintiff's purported cause of action for injunctive relief must be dismissed. However, the court will permit Plaintiff to amend the complaint to request injunctive relief as a remedy.

## ORDER

For the reasons stated in the above memorandum opinion, the court ORDERS that:

1. Defendant Sand Canyon Corporation's, sued as Option One Mortgage Corporation, motion to dismiss is GRANTED;
2. American Home Mortgage Servicing Inc.'s motion to dismiss is GRANTED;
3. The complaint is DISMISSED with leave to amend the complaint's TILA rescission claim and Section 2923.5 claim and leave to seek an injunction as a remedy;

4. The complaint is DISMISSED without leave to amend the complaint's TILA damages claim and Section 2923.6 claim;

5. Any amended complaint SHALL be filed and served no later than March 22, 2010;

6. Plaintiff is advised that any amended complaint must be based upon a well-founded belief that a cognizable or arguable legal theory exists that would support the complaint's theory. See Fed.R.Civ.P. 11; and

7. Plaintiff is forewarned that failure to file an amended complaint will result in dismissal of this action.

IT IS SO ORDERED.

**Dated:** **February 17, 2010**          /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE