**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DEBORAH CURTIS, an individual**, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> ) <br> **OPTION ONE MORTGAGE CORP.**, a ) <br> **suspended California corporation,** ) <br> **AMERICAN HOME MORTGAGE** ) <br> **SERVICING, INC.**, a Delaware ) <br> **corporation, and DOES 1 though 50** ) <br> **inclusive**, ) <br> ) <br> **Defendants.** ) <br> _____ ) | 1:09-cv-1608 AWI SMS <br><br> **ORDER REQURING PLAINTIFF TO DEFINE THE MEANING OF THE WORD "PROPERTY" AS USED IN THE SECOND AMENDED COMPLAINT AND OPPOSTIOIN BRIEF** |

**BACKGROUND**

On November 19, 2009, Plaintiff filed an amended complaint.  On February 18, 2010, the court granted Defendants motions to dismiss and dismissed the complaint with leave to amend the complaint's TILA rescission claim.  The court found that to state a TILA rescission claim, Plaintiff needed to allege in the complaint that she is financially capable of tendering the loan proceeds.

On March 19, 2010, Plaintiff filed a second amended complaint ("complaint").  The complaint alleges a violation of TILA and seeks rescission.  The complaint alleges that: "Plaintiff is fully able and willing to tender performance of her obligations by tendering the property as required under 15 U.S.C. § 1635(b)."

Defendants have filed motions to dismiss the complaint in which they contend the complaint still does not allege Plaintiff is capable of tendering the loan proceeds.  In Plaintiff's opposition,  Plaintiff contends that because the complaint states she is capable and willing to tender "the property", nothing more is required under TILA.   In their reply, Defendants contend that Plaintiff must allege her financial ability to return the net loan proceeds received, and not the property securing the loan.

## DISCUSSION

Plaintiff contends that she is entitled to rescission of her loan because Defendants failed to provide accurate material disclosures.   Title 15 U.S.C. § 1635(b) provides that:

> When an obligor exercises his right to rescind . . . .under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. ***Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor.*** If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

15 U.S.C. § 1635(b) (emphasis added).

Plaintiff contends that she has stated a claim under Section 1625(b) because she is able and willing to tender "the property".   However, Plaintiff does not define what is meant by "property".   It is unclear "property" refers to the real property that secures the loan or the loan proceeds Plaintiff received from Defendants.   The court believes that a definition of the term "property" is necessary for the court to resolve the pending motions to dismiss.   Thus, the court will allow Plaintiff to specify her definition of term "property" as used in the complaint and opposition brief within ten days.

**ORDER**

Accordingly, within ten days of this order's date of service, Plaintiff is ORDERED to file an amendment to the complaint that includes her definition of the term "property" as used in paragraph 21 of the complaint.

IT IS SO ORDERED.

Dated:   June 21, 2010                                 /s/ signature
                                                  CHIEF UNITED STATES DISTRICT JUDGE