IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEBORAH CURTIS, an individual, | ) | 1:09-CV-1608 AWI SMS |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND |
| v. | ) | ORDER GRANTING |
| | ) | DEFENDANTS' MOTION TO |
| OPTION ONE MORTGAGE CORP., a | ) | DISMISS |
| suspended California corporation, | ) | |
| AMERICAN HOME MORTGAGE | ) | (Documents #41 & #45) |
| SERVICING, INC., a Delaware | ) | |
| corporation, and DOES 1 though 50 | ) | |
| inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## BACKGROUND

On November 19, 2009, Plaintiff filed an amended complaint.   On February 18, 2010, the court granted Defendants motions to dismiss the amended complaint, and the court dismissed the complaint with leave to amend the complaint's Federal Truth in Lending Act (TILA) rescission claim.   The court found that to state a TILA rescission claim, Plaintiff needed to allege in the complaint that she is financially capable of tendering the loan proceeds.

On March 19, 2010, Plaintiff filed a second amended complaint ("complaint").   The complaint alleges a violation of TILA and seeks rescission.

On April 1, 2010, Defendant Sand Canyon Corporation, sued as Option One Mortgage Corporation, filed a motion to dismiss the complaint.   On April 5, 2010, American Home Mortgage Servicing Inc. filed a motion to dismiss.   Both Defendants contend that the complaint still does not allege Plaintiff's ability to tender because the complaint does not allege that

1  Plaintiff is capable of tendering the loan's proceeds.

2      On April 14, 2010, Plaintiff filed oppositions to Defendants' motions.  Plaintiff contends

3  that the complaint states she is capable and willing to tender the subject property and nothing

4  more is required under TILA.

5      On May 3, 2010 and May 10, 2010, Defendants filed reply briefs.   Defendants argue that

6  Plaintiff must allege her financial ability to return the loan proceeds and not the property securing

7  the loan.

8      On June 22, 2010, the court reviewed the pending motions to dismiss.  The court found

9  that a definition of the term "property", as used in the complaint, is necessary for the court to

10  resolve the pending motions to dismiss.    The court noted that it was unclear if by "property"

11  Plaintiff is referring to the real property that secures the loan or referring to the loan proceeds

12  Plaintiff received from Defendants.  The court ordered Plaintiff to file an amendment to the

13  complaint that includes her definition of the term "property" as used in the complaint.

14      On June 30, 2010, Plaintiff filed a brief defining the meaning of "property" as used in the

15  complaint.   Plaintiff states that the word "property" as used in the complaint and opposition

16  briefs refers to the real property that secures the loan, which is the real property located at 3522

17  E. Stewart Court, Visalia, California.

18  **LEGAL STANDARD**

19      Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a claim may be dismissed

20  because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ.

21  P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal

22  theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v.

23  Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729,

24  732 (9th  Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all of the complaint's material

25  allegations of fact are taken as true, and the facts are construed in the light most favorable to the

26  non-moving party.  Marceau v. Balckfeet Hous. Auth., 540 F.3d 916, 919 (9th  Cir. 2008); Vignolo

27

28                                  2

v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The court must also assume that general

allegations embrace the necessary, specific facts to support the claim.  Smith v. Pacific Prop. and

Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004).  However, the court is not required "to accept as

true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v.

Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Although legal conclusions may

provide the framework of a complaint, they are not accepted as true and "[t]hreadbare recitals of

elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft

v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328

F.3d 1136, 1139 (9th Cir. 2003).  As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
> detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his
> 'entitlement to relief' requires more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will not do.  Factual allegations must
> be enough to raise a right to relief above the speculative level, on the assumption
> that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, "a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

Iqbal, 129 S.Ct. at 1949.  "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court draw the reasonable inference that the defendant is liable for the misconduct

alleged."  Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more
> than a sheer possibility that a defendant has acted unlawfully.  Where a complaint
> pleads facts that are 'merely consistent with' a defendant's liability, it stops short
> of the line between possibility and plausibility of 'entitlement to relief.'
> . . .
> Determining whether a complaint states a plausible claim for relief will . . . be a
> context specific task that requires the reviewing court to draw on its judicial
> experience and common sense.  But where the well-pleaded facts do not permit the
> court to infer more than the mere possibility of misconduct, the complaint has
> alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50.  "In sum, for a complaint to survive a motion to dismiss, the non-

conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

3

1  suggestive of a claim entitling the plaintiff to relief."  Moss v. United States Secret Service, 572

2  F.3d 962, 969 (9th Cir. 2009).

**ALLEGED FACTS**

4         The complaint alleges that on or about November 2006, Plaintiff approached Defendants

5  in regards to refinancing the property located at 3522 E. Stewart Court, Visalia, in the County of

6  Tulare, State of California.   Defendants represented they could provide a fixed rate loan with low

7  monthly payments based upon Plaintiff's income.   Plaintiff agreed to refinance the property at

8  3522 E. Stewart Court, Visalia.

9         The complaint alleges that during the loan process, Defendant deceptively and fraudulently

10  understated the Annual Percentage Rate (APR) by 3.185% and understated the finance charge and

11  total payments by $279,617.69, and the payment schedule provided by Defendants listed three

12  payment changes instead of six payment changes.   The complaint alleges that Plaintiff's income

13  was falsified and the property value grossly overstated.   The complaint alleges that on or about

14  November 30, 2006, unaware of Defendants' deceptive and fraudulent actions, Plaintiff executed

15  the loan.

16        The complaint alleges that on or about October 2008, in attempting to modify her loan,

17  Plaintiff discovered that Defendants had under disclosed Plaintiff's APR and financed an amount

18  in a blatant violation of the TILA.

19        The complaint alleges that Plaintiff brought this discrepancy to Defendants' attention in an

20  attempt to modify the loan instead of having to institute her right to rescission.   The complaint

21  alleges Defendants refused to modify the loan with more favorable terms.

22        The complaint alleges that "Plaintiff is fully able and willing to tender performance of her

23  obligations by tendering the property as required under 15 U.S.C. § 1635."   Plaintiff states that by

24  "property" she is referring to the real property that secures the loan, which is the property located

25  at 3522 E. Stewart Court, Visalia, California.

26  //

27

28                                                  4

**DISCUSSION**

Plaintiff contends that Defendants violated TILA by understating Plaintiff's APR and by understating Plaintiff's finance charges on the loan.   Plaintiff contends that she now exercises her right to rescission pursuant to 15 U.S.C.§ 1635(b) due to Defendants' breach.   The complaint alleges that: "Plaintiff is fully able and willing to tender performance of her obligations by tendering the property as required under 15 U.S.C. § 1635(b)."

TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998).   TILA also requires creditors to "clearly and conspicuously disclose" borrowers' rights to rescind a home mortgage loan in accordance with regulations of the Federal Reserve Board.   Jones v. E*Trade Mortg. Corp., 397 F.3d 810, 812 (9th Cir. 2005).   The purpose of rescission under TILA is to return both parties to the status quo.   Yamamoto v. Bank of New York, 329 F.3d 1167, 1172 (9th Cir. 2003).   Title 15 U.S.C. § 1635(b) provides that:

> When an obligor exercises his right to rescind . . . .under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. ***Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor.*** If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

15 U.S.C. § 1635(b) (emphasis added).

The Ninth Circuit has held that "in applying TILA, 'a trial judge ha[s] the discretion to condition rescission on tender by the borrower of the property he had received from the lender.'"

1   Yamamoto, 329 F.3d at 1171.   This court has found that Plaintiff cannot state a claim for

2   rescission under TILA unless she alleges that she is financially capable of tendering the loan

3   proceeds.   See, e.g., Gonzalez v. First Franklin Loan Services, 2010 WL 144862, *5 (E.D.Cal.

4   2010); Avina v. BNC Mortg., 2009 WL 5215751, *2 (N.D.Cal. 2009);   Farmer v. Countrywide

5   Financial Corp., 2009 WL 1530973, at *5 (C.D. Cal. 2009); Pagtalunan v. Reunion Mortgage Inc.,

6   2009 WL 961995, at *3 (N.D. Cal. 2009);   Garza v. American Home Mortg., 2009 WL 188604, at

7   *5 (E.D. Cal. 2009).

8          Defendants contend that the complaint is subject to dismissal because Plaintiff has still not

9   alleged she is financially capable of tendering the loan proceeds.   In response, Plaintiff contends

10  that she has stated a claim under Section 1625(b) because she is able and willing to tender "the

11  property".   Plaintiff admits that by "property" she is referring to the real property that secures the

12  loan.   Thus, the issue is whether tendering the real property securing a loan satisfies Section

13  1625(b).

14         Cases discussing what must be tendered pursuant to Section 1625(b) have specifically

15  referred to a plaintiff's need to allege an ability to tender loan proceeds.   See Almunir v. Aurora

16  Loan Service, LLC,   2010 WL 2106278, at *4 (E.D.Cal. 2010).   "Property" as used in Section

17  1625(b) refers to whatever was received from the defendants.   See Yamamoto, 329 F.3d at 1171

18  (stating borrower must tender property he received from lender).   For example, in Semar v. Platte

19  Valley Federal Sav. & Loan Ass'n, 791 F.2d 699 (9th Cir. 1986), the plaintiff received a monetary

20  loan from the defendants.   When discussing rescission under Section 1625(b), the Ninth Circuit

21  stated that upon "rescission, the security interest is dissolved and the borrower returns 'the

22  property' -in this case the loan proceeds- to the lender."   Semar, 791 F.2d at 705.   Thus, in

23  Semar, the Ninth Circuit defined "property" as used in Section 1625(b) as the loan proceeds and

24  not the real property that may secure a loan.

25         In addition, the language of Section 1635(b) implies the term "property" is whatever the

26  obligor received from the creditor.   Section 1635(b) requires the obligor to tender the property

27

28                                            6

1  and requires the creditor to take any action necessary to reflect the termination of any security

2  interest created under the transaction.   Because the real property secures the loan but is not the

3  property actually received from Defendants, Plaintiff must tender what she actually received – the

4  loan proceeds – and Defendants must take any actions necessary to reflect the termination of the

5  security interest.   The security interest is the deed of trust on the real property.

6      Plaintiff must return to Defendants the property she received.   In this action, the property

7  Plaintiff received is the loan proceeds and not the real property, or anything else, that secures the

8  loan.   Plaintiff has alleged her willingness to provide Defendants with only the real property

9  securing her loan.   However, this is not what Section 1635(b) requires.   Section 1635(b) requires

10  Plaintiff to return the loan proceeds.   Plaintiff's repeated failure to allege an ability to return the

11  loan proceeds requires the court to find Plaintiff is unable or unwilling to return the loan proceeds.

12   As such, Plaintiff has not alleged she is financially capable of tendering the property.   Thus,

13  Plaintiff's TILA recession claim, brought under Section 1625(b), must be dismissed.[1]

14                              **ORDER**

15      Accordingly, Defendants' motions to dismiss the complaint are GRANTED, the complaint

16  is DISMISSED without prejudice, and the Clerk of the Court is DIRECTED to close this action.

17

18  IT IS SO ORDERED.

19

20  Dated:   ___July 21, 2010___                              _____

                                         CHIEF UNITED STATES DISTRICT JUDGE

21

22

23

24  _____

25      [1]  The court recognizes that leave to amend should ordinarily be granted when the court
    finds that a complaint fails to state a claim.   Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996).

26  However, leave to amend is not required if the court determines that the pleading could not
    possibly be cured by the allegation of other facts. Bly-Magee v. California, 236 F.3d 1014, 1019

27  (9th Cir.2001).   Here, Plaintiff has already filed a second amended complaint and has still not
    provided the necessary allegations.   Thus, no further leave to amend will be given.

28                                         7